IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JULIE O'SHAUGHNESSY, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>　　　　　PLAINTIFFS,<br><br>V.<br><br>YOUNG LIVING ESSENTIAL OILS, LC D/B/A/ YOUNG LIVING ESSENTIAL OILS, MARY YOUNG, AND JARED TURNER,<br>　　　　　DEFENDANTS. | §§§§§§§§§§§§§§<br><br>CAUSE NO. 1:19-CV-412-LY |

## ORDER

Before the court in the above-styled and numbered case are Defendants' Motion to Transfer filed December 23, 2019 (Doc. #42); Plaintiff's Response to Defendants' Motion to Transfer filed January 6, 2020 (Doc. #52); and Defendants' Reply in Support of Motion to Transfer filed January 13, 2020 (Doc. #57).[1]  Having considered the motion, response, and reply, the court will grant Defendants' motion for the reasons stated below.

**I.   Background**

On May 15, 2015, Julie O'Shaughnessy joined Young Living by entering into a Membership Agreement that includes a "Jurisdiction and Choice of Law" provision, providing in part:

> The Agreement will be interpreted and construed in accordance with the laws of the State of Utah applicable to contracts to be performed therein. Any legal action concerning the Agreement will be brought in the state and federal courts located in Salt Lake City, Utah.

---

[1] Throughout this order, Plaintiff Julie O'Shaughnessy will be referred to as "O'Shaughnessy," and Defendants Young Living Essential Oils, LC d/b/a Young Living Essential Oils, Mary Young, and Jared Turner will be collectively referred to as "Young Living."

The Membership Agreement, which contains an integration clause designating it as the entire agreement between the parties, incorporates by reference Young Living's Policies and Procedures, providing in pertinent part:

> Jurisdiction and venue of any matter not subject to arbitration will reside in any state or federal court located in Salt Lake City, Utah, unless the laws of the state or country in which the member resides expressly require otherwise, despite this jurisdiction clause. By signing the Agreement, you consent to jurisdiction within these two forums. The laws of the state of Utah will govern disputes involving the Agreement.

On April 12, 2019, O'Shaughnessy filed suit against Young Living, The Young Living Foundation, Inc., Benjamin Riley, and unnamed co-conspirators for damages and other relief under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961(5), 1961(c), and 1962(d) ("RICO Act").[2] O'Shaughnessy alleges that Young Living operates an illegal pyramid scheme that caused her significant financial loss due to Young Living's false representations regarding the spiritual and material riches she would receive from participating in and recruiting new members into Young Living.

On June 25, 2019, Young Living filed a Motion to Compel Arbitration (Doc. # 7). This court concluded that the arbitration provisions in the Membership Agreement were in irreconcilable conflict with the forum–selection provisions elsewhere in the agreement and denied the motion in an order filed November 27, 2019 (Doc. #33), from which Young Living took an interlocutory appeal. The Fifth Circuit affirmed this court's order. *O'Shaughnessy v. Young Living Essential Oils, L.C.*, No. 19-51169, 2020 WL 2078368 at *6 (5th Cir. April 28, 2020).

---

[2] O'Shaughnessy dismissed her claims against Young Living Foundation, Inc., Benjamin Riley, and Co-Conspirators by filing a First Amended Class Action Complaint (Doc. #59) that fails to include them as defendants.

2

On December 23, 2019, Young Living filed the motion to transfer now before the court, arguing that the forum–selection provisions in the Membership Agreement are mandatory and constitute a valid forum–selection clause designating Salt Lake City, Utah, as the only forum in which venue for this action is proper. Young Living further argues that even if the forum–selection clause is not valid, this court should grant its motion because Utah is the more convenient venue.

O'Shaughnessy responds that the forum–selection clause is inapplicable to her claim under the RICO Act and is merely permissive, not mandatory. She further contends that Utah is not a more convenient venue for this action, and that transfer for reasons of convenience is improper.

## II. Legal Standard

"[F]or the convenience of parties and witnesses, in the interest of justice," a district court may "transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). *See also In re Radmax, Ltd.*, 720 F.3d 285, 287-88 (5th Cir. 2013). When considering a motion to transfer under Section 1404, this court considers a number of private and public–interest factors, none of which individually carry dispositive weight. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private–interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public–interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.*

However, "a valid forum–selection clause should be given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co., Inc. v. United States Dist. Court for W. Dist. Of Texas*, 517 U.S. 49, 63 (2013). A valid forum–selection clause alters the Section 1404 analysis such that the plaintiff's choice of forum "merits no weight," the court "should not consider arguments about the parties' private interests," and a successful transfer to the selected forum "will not carry with it the original venue's choice–of–law rules." *Id.* at 63-64.

A court applies the forum state's choice–of–law rules in order to determine what substantive law governs interpretation of a forum–selection clause. *See Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016). In this case, given that Texas is the forum, "Texas law gives effect to choice of law clauses regarding construction of a contract." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003). The parties' Membership Agreement provides, and neither party disputes, that Utah law shall govern disputes involving the agreement— thus, Utah law applies to the question of the forum–selection clause's validity.

Under Utah law, "a court must attempt to construe [a] contract so as to 'harmonize and give effect to all of [its] provisions.'" *Dixon v. Pro Image Inc.*, 987 P.2d 48, 52 (Utah 1996) (quoting *Nielsen v. O'Reilly*, 848 P.2d 664, 665 (Utah 1993)). Utah law further provides that "forum selection clauses that 'have been obtained through freely negotiated agreements and are not unreasonable and unjust' will be upheld as valid." *Energy Claims Ltd. v. Catalyst Inv. Group, Ltd.*, 325 P.3d 70, 83 (Utah 2014) (quoting *Phone Directories Co. v. Henderson*, 8 P.3d 256, 261 (Utah 2000)). The Utah Supreme Court has adopted the standard of forum–selection clause enforceability found in Section 80 of the Second Restatement of Conflict of Laws. *See Prows v. Pinpoint Retail Systems, Inc.*, 868 P.2d 809 (Utah 1993). This standard provides that "[t]he parties' agreement as to the place of the action will be given effect unless it is unfair or unreasonable."

4

Restatement (Second) of Conflict of Laws § 80 (Supp. 1988). A plaintiff who brings an action in a forum other than the one selected in the relevant clause bears the burden of proving that enforcement of the clause would be unfair or unreasonable. *See Prows*, 868 P.2d at 812.

A forum–selection clause is enforceable only when it is mandatory. *K&V Sci. Co., Inc. v. Bayerische Motoren Werke*, 314 F.3d 494, 499 (10th Cir. 2002); *see also Weber v. PACT XPP Tech., AG*, 811 F.3d 758, 769 (5th Cir. 2016). "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum." *K&V*, 314 F.3d at 498 (quoting *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997)). "Use of mandatory language like 'shall' in a clause dealing *directly with venue* carries stronger implications regarding the intent to designate an exclusive forum" than it does in clauses dealing only with jurisdiction. *King v. PA Consulting Group, Inc.*, 78 Fed.Appx. 645, 648 n. 2 (10th Cir. 2003) (emphasis in original). The presence of a carve out exception allowing litigation in a forum besides the one selected tends to show that the forum–selection clause in question is mandatory. *See K&V*, 314 F.3d at 499.

"When the claims are facially unrelated to the enforcement of the contract, the question becomes whether the forum selection clause 'support[s] a distinction between contract claims and tort claims.'" *Solid Q Holding, LLC v. Arenal Energy Corporation*, No. 2:15-cv-00419-DN, 2017 WL 935891, at *1 (D. Utah March 8, 2017) (quoting *Energy Claims*, 325 P.3d at 83). To be effective, a forum–selection clause must have a sufficiently broad scope to encompass the claim in question. *See Energy Claims*, 325 P.3d at 82. A narrow clause, such as one that applies only to "action[s] or proceeding[s] seeking to interpret or enforce the provisions" of the parties' contract may exclude certain non-contractual or tort claims. *Diversified Striping Systems, Inc. v. Kraus*, 341 P.3d 932 (Utah Ct. App. 2014). A broad clause, such as one that governs "any dispute,

5

controversy, or claim" that is "related to" the parties' contract, applies even to non-contractual claims. *Energy Claims,* 325 P.3d 70 at 82.

## III. Analysis

### A. The forum–selection clause is mandatory

O'Shaughnessy contends that the contractual provisions stating that "[a]ny legal action will be brought in the state and federal courts located in Salt Lake City, Utah" and "[j]urisdiction and venue of any matter not subject to arbitration will reside in any state or federal court located in Salt Lake City, Utah" do not contain specific language showing the parties' intent to place jurisdiction and venue in only the specified forum, and are therefore permissive rather than mandatory. The court disagrees.

O'Shaughnessy relies on *Waste Services, LLC v. Red Oak Sanitation* to justify her claim that the forum–selection clause is not mandatory. No. 2:08CV417DS, 2008 WL 2856459, at *1-2 (D. Utah July 23, 2008). The clause at issue in that case, however, was interpreted under Georgia law instead of Utah law and did not contain a carve out. *Id.* The court's assertion in *Waste Services* that mandatory forum–selection clauses must contain exclusive language is inconsistent with Tenth Circuit precedent and the majority rule regarding exclusivity language in forum–selection clauses. *Compare id., with Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992), *K&V,* 314 F.3d at 499, *and King,* 78 Fed.Appx. at 648 n. 2.

The pertinent provisions in the Membership Agreement and Policies and Procedures "contain clear language showing that jurisdiction is appropriate only in the designated forum." *K&V,* 314 F.3d at 498 (quoting *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.,* 106 F.3d 318, 321 (10th Cir. 1997). The agreement states that "[a]ny legal action considering the Agreement will be brought in the state and federal courts located in Salt Lake City, Utah," and the Policies

6

and Procedures provide that "[j]urisdiction and *venue* of any matter not subject to arbitration will reside in any state or federal court located in Salt Lake City, Utah." The wording of these statements demonstrates a clear intent by the parties that jurisdiction and venue are properly laid only in the state and federal courts of Salt Lake City, Utah. This intent is further supported by the presence of a carve–out exception. If the forum–selection clause was merely permissive, as O'Shaughnessy claims, the carve–out exception allowing litigation in Louisiana would be rendered superfluous. Accordingly, the court concludes that the forum–selection clause at issue is mandatory.

### B. The forum–selection clause encompasses Plaintiff's RICO Act claims

O'Shaughnessy next argues that her RICO Act claims fall outside the scope of the forum–selection clause. The court again disagrees. The provision in the Membership Agreement encompasses "[a]ny legal action concerning the Agreement," and the Policies and Procedures cover "any matter not subject to arbitration." Neither of these provisions contains language supporting "a distinction between contract claims and tort claims." *Solid Q Holding*, 2017 WL 935891, at *1.

O'Shaughnessy's RICO Act claim "concerns" the Membership Agreement. O'Shaughnessy alleges that Young Living operates an illegal pyramid scheme, and the allegations in Plaintiff's First Amended Class Action Complaint repeatedly rely on the agreement, the Policies and Procedures, and especially the Compensation Plan. O'Shaughnessy may not rely on the agreement and its incorporated parts to make a claim and then allege that her claim does not concern that agreement.

Moreover, the Policies and Procedures state clearly that jurisdiction over and venue for "any matter not subject to arbitration" is properly laid only in Salt Lake City. This court has

previously determined that the present action is a matter not subject to arbitration—it is thus within the broad scope of the forum–selection clause to which the parties agreed.

The court concludes that the forum–selection clause in question is mandatory and applicable. It is therefore valid, and, under the facts of this case, enjoys "controlling weight." *Atlantic Marine*, 517 U.S. at 63.

### C. The remaining Section 1404 factors weigh in favor of transfer

Because a valid forum–selection clause applies, O'Shaughnessy's choice of forum "merits no weight," and the court will not "consider arguments about the parties' private interests." *Id.* at 63-64. This leaves only the public–interest factors, which are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen AG*, 371 F.3d 201 at 203.

#### 1. *Administrative difficulties*

Neither the courts of the Austin Division of the Western District of Texas nor the courts of the Northern Division of the District of Utah are congested to the "exceptional" degree required to deny the parties' forum–selection clause "controlling weight." *See Atlantic Marine*, 517 U.S. 49 at 63. This factor is neutral.

#### 2. *Local interest*

Defendants all reside in Utah. O'Shaughnessy does not dispute that Young Living "employ[s] thousands of employees in Utah." O'Shaughnessy agreed with a Utah corporation that Utah law will govern the parties' disputes and that those disputes will be decided in the courts of Utah. This factor weighs in favor of transfer.

### 3. *Familiarity of the forum with the governing law*

When a transferee forum's law governs, this factor necessarily weighs in favor of transfer. The parties agree that Utah law governs, and the courts of Utah are doubtless more familiar with Utah law. This factor weighs in favor of transfer.

### 4. *Avoidance of conflict of law or foreign law problems*

The parties do not disagree about the applicable law, and there are no present issues regarding the interpretation or application of foreign law. This factor is neutral.

Taken together, the public–interest factors do not indicate that the current action is a "truly exceptional case," in which the court may justifiably ignore the controlling weight of a valid forum–selection clause. *Id.* Given that O'Shaughnessy's choice of venue merits no weight, the court concludes that the presence of a valid forum–selection clause and the modified Section 1404 analysis weigh in favor of transfer. *Id.*

## IV.   Conclusion

The provisions concerning jurisdiction and venue in the Member Agreement and Policies and Procedures signed by the parties constitute a valid forum–selection clause because they contain mandatory language and are applicable to O'Shaughnessy's RICO Act claim. The circumstances of this case do not rise to the "truly exceptional" standard required to gainsay a valid forum–selection clause. *See id.* Therefore,

**IT IS ORDERED** that Defendants' Motion to Transfer filed December 23, 2019 (Doc. #42) is **GRANTED TO THE FOLLOWING EXTENT**: the above-styled cause of action is **TRANSFERRED** to the United States District Court for the District of Utah, Northern Division.[3]

SIGNED this __29th__ day of June, 2020

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

---

[3] All other motions remain pending for consideration by the Utah court.